FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2012 NOV 19  AM 10: 50

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

GLENDA MONTERO-HERNANDEZ,

    Plaintiff,

vs.

Case No. 12-Civ-Orl-1736 ORL-P2KRS

PALISADES COLLECTION, LLC., a
foreign corporation,

    Defendant(s).
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, GLENDA MONTERO-HERNANDEZ, by and through her undersigned counsel, and hereby files her Complaint, sues the Defendant(s), PALISADES COLLECTION, LLC., (hereinafter sometimes referred to as "Defendant"), and alleges as follows:

### JURISDICTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692o, seeking actual damages, punitive damages, statutory damages and attorneys' fees and costs.

2.    Venue in this judicial district is proper under 28 U.S.C. § 1391(b). All of the actions and omissions forming the basis for this lawsuit occurred within this district.

3.    This Court has jurisdiction over the subject matter by virtue of Section 813 (d) of Fair Debt Collection Practices Act, 15 U.S.C. §1692k(d), and 28 U.S.C. § 1331.

## PARTIES

4. At all times material hereto, the Plaintiff, GLENDA MONTERO-HERNANDEZ, was a "consumer" as that term is defined by Section 803 (3) of the FDCPA, 15 U.S.C. § 1692a(3).

5. At all times material hereto, the Plaintiff, GLENDA MONTERO-HERNANDEZ, was a 46 year old female suffering from a variety of physical illnesses including lupus.

6. As a result of the illnesses described in the preceding paragraph, Plaintiff was hospitalized in late November of 2011.

7. At all times material hereto, the Defendant was a "creditor" as that term is defined by Section 803 (4) of the FDCPA, 15 U.S.C. § 1692a(4).

8. Defendant PALISADES COLLECTION, L.L.C., is a foreign corporation and a collection agency operating from an address of 210 Sylvan Avenue, Englewood Cliffs, NJ 07632, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Defendant has alleged that Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a consumer credit card debt with Washington Mutual Bank in the amount of $1,139.58.

10. According to correspondence sent by the Defendant to the Plaintiff on October 3, 2011, sometime after the debt was allegedly incurred by Plaintiff with Washington Mutual Bank, the alleged debt was consigned, placed or otherwise transferred to "CHASE." A copy of this letter dated October 3, 2011 is attached hereto and marked Exhibit "A."

11.  According to the correspondence sent by the Defendant to the Plaintiff on October 3, 2011 described in the preceding paragraph, after the alleged debt was consigned, placed or otherwise transferred to "CHASE, " it was consigned, placed or otherwise transferred to the Defendant.

12.  In late November of 2011, while Plaintiff was being treated for a serious medical condition in the hospital, Defendant's agents called her on her cellular phone on numerous occasions in an attempt to collect the alleged debt.

13.  In addition to being called on her cellular phone by Defendant while she was in the hospital, Defendant also called her through the hospital switchboard directly to the Plaintiff's room and nurses station.

14.  The telephone calls referred to in the preceding paragraphs were "communications" as that term is defined by Section 803(2) of the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(2).

15.  In response to these telephone calls made to Plaintiff by Defendant while she was in the hospital being treated for a serious illness, caretakers or other employed persons at the hospital, informed the Defendant that Plaintiff was hospitalized and could not respond to their calls.

16.  In response to being informed that the Plaintiff was in the hospital and could not accept the telephone calls, Defendant's agent stated that she/he did not care about Plaintiff being in the hospital and that what was most important to Defendant was that Plaintiff pay her alleged debt.

17.  Defendant knew that Plaintiff was in the hospital while being treated for a serious medical condition by information from hospital staff, yet continued to call and harass her in attempt to collect an alleged debt.

18. The Defendant only exacerbated the situation and hindered her recovery by the Defendant's harassment through repeated phone calls in the unusual or inconvenient setting of the hospital, the Plaintiff already under additional stress and anxiety.

19. These communications were in violation of Section 805 of the FDCPA, 15 U.S.C. § 1692c(a) states:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
>
> (1) at any unusual time *or place* or a time or place known or which should be known to be inconvenient to the consumer.

20. After the Plaintiff was discharged from the hospital and being aware of her medical condition, Defendant continued to call Plaintiff on over 200 occasions.

21. These communications were unfair and so numerous to collect this alleged debt, that the Defendant is in violation of 15 U.S.C. §§ 1692d, amongst others.

22. Plaintiff advised the Defendant that she was being represented by counsel.

23. In response to being informed that Plaintiff was represented by counsel, Defendant stated to Plaintiff that if she was lying about having an attorney and that Defendant could sue her.

24. This communication on this occasion was an unfair, false and deceptive attempt to collect this debt alleged by the Defendant that it is in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§1692d, 1692e, 1692e(2), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(1), and 1692g, et seq., amongst others.

25. The acts and omissions of Defendant's agents, and the other debt collectors employed as agents by Defendant GSC and Defendant, PALISADES COLLECTION, LLC., who communicated with Plaintiff as described herein, were committed within the time and space

limits of their agency relationship with their principal, Defendant, PALISADES COLLECTION, LLC.

26. The acts and omissions by Defendant's agents and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant, PALISADES COLLECTION, LLC., in collecting consumer debts.

27. By committing these acts and omissions against Plaintiff, Defendant's agents and these other debt collectors were motivated to benefit their principals, Defendant, PALISADES COLLECTION, LLC.

28. Defendant, PALISADES COLLECTION, LLC., is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by their collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

29. The foregoing acts and omissions of every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

30. As a result of each Defendant's violations of the FDCPA, Plaintiff entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); punitive damages and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

31. As a result of the afore described actions of the Defendant, the Plaintiff suffered emotional distress.

## TRIAL BY JURY

32. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7, Fed.R.Civ.P. 38.

WHEREFORE, Plaintiff prays for this Court:

a. To declare that Defendant has violated the FDCPA;

b. To award Plaintiff actual, statutory and punitive damages sustained as a result of the Defendant's failure to comply with the FDCPA;

c. To award Plaintiff compensation for such expenses as they have been required to expend on Defendant's behalf.

d. To award plaintiff reasonable attorneys' fees and costs pursuant to 15 U.S.C. §1692k;

e. To have a trial by jury as to all issues triable as of right by a jury

f. To award such other and further relief as this Court may deem appropriate.

DATED this 16th day of November, 2012.

*/s/ Richard R. Baker*

BAKER & BIRCH, PLLC
(X) Richard R. Baker, Esq.
Florida Bar No.: 971110
( ) Joseph K. Birch, Esq.
Florida Bar No.: 912565
37 N. Orange Avenue, Suite 500
Orlando, Florida 32801
Email: rrborl@gmail.com
Telephone: (407) 647-8833
Facsimile: (407) 671-5679

6

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GLENDA MONTERO-HERNANDEZ,

    Plaintiff,

Case No. \_\_\_-Civ-Orl-\_\_\_\_

vs.

PALISADES COLLECTION, LLC., a
foreign corporation,

    Defendant(s).
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, GLENDA MONTERO-HERNANDEZ, by and through her undersigned counsel, and hereby files her Complaint, sues the Defendant(s), PALISADES COLLECTION, LLC., (hereinafter sometimes referred to as "Defendant"), and alleges as follows:

## JURISDICTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692o, seeking actual damages, punitive damages, statutory damages and attorneys' fees and costs.

2. Venue in this judicial district is proper under 28 U.S.C. § 1391(b). All of the actions and omissions forming the basis for this lawsuit occurred within this district.

3. This Court has jurisdiction over the subject matter by virtue of Section 813 (d) of Fair Debt Collection Practices Act, 15 U.S.C. §1692k(d), and 28 U.S.C. § 1331.

1

## PARTIES

4. At all times material hereto, the Plaintiff, GLENDA MONTERO-HERNANDEZ, was a "consumer" as that term is defined by Section 803 (3) of the FDCPA, 15 U.S.C. § 1692a(3).

5. At all times material hereto, the Plaintiff, GLENDA MONTERO-HERNANDEZ, was a 46 year old female suffering from a variety of physical illnesses including lupus.

6. As a result of the illnesses described in the preceding paragraph, Plaintiff was hospitalized in late November of 2011.

7. At all times material hereto, the Defendant was a "creditor" as that term is defined by Section 803 (4) of the FDCPA, 15 U.S.C. § 1692a(4).

8. Defendant PALISADES COLLECTION, L.L.C., is a foreign corporation and a collection agency operating from an address of 210 Sylvan Avenue, Englewood Cliffs, NJ 07632, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Defendant has alleged that Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a consumer credit card debt with Washington Mutual Bank in the amount of $1,139.58.

10. According to correspondence sent by the Defendant to the Plaintiff on October 3, 2011, sometime after the debt was allegedly incurred by Plaintiff with Washington Mutual Bank, the alleged debt was consigned, placed or otherwise transferred to "CHASE." A copy of this letter dated October 3, 2011 is attached hereto and marked Exhibit "A."

11. According to the correspondence sent by the Defendant to the Plaintiff on October 3, 2011 described in the preceding paragraph, after the alleged debt was consigned, placed or otherwise transferred to "CHASE," it was consigned, placed or otherwise transferred to the Defendant.

12. In late November of 2011, while Plaintiff was being treated for a serious medical condition in the hospital, Defendant's agents called her on her cellular phone on numerous occasions in an attempt to collect the alleged debt.

13. In addition to being called on her cellular phone by Defendant while she was in the hospital, Defendant also called her through the hospital switchboard directly to the Plaintiff's room and nurses station.

14. The telephone calls referred to in the preceding paragraphs were "communications" as that term is defined by Section 803(2) of the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(2).

15. In response to these telephone calls made to Plaintiff by Defendant while she was in the hospital being treated for a serious illness, caretakers or other employed persons at the hospital, informed the Defendant that Plaintiff was hospitalized and could not respond to their calls.

16. In response to being informed that the Plaintiff was in the hospital and could not accept the telephone calls, Defendant's agent stated that she/he did not care about Plaintiff being in the hospital and that what was most important to Defendant was that Plaintiff pay her alleged debt.

17. Defendant knew that Plaintiff was in the hospital while being treated for a serious medical condition by information from hospital staff, yet continued to call and harass her in attempt to collect an alleged debt.

18. The Defendant only exacerbated the situation and hindered her recovery by the Defendant's harassment through repeated phone calls in the unusual or inconvenient setting of the hospital, the Plaintiff already under additional stress and anxiety.

19. These communications were in violation of Section 805 of the FDCPA, 15 U.S.C. § 1692c(a) states:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
>
> (1) at any unusual time *or place* or a time or place known or which should be known to be inconvenient to the consumer.

20. After the Plaintiff was discharged from the hospital and being aware of her medical condition, Defendant continued to call Plaintiff on over 200 occasions.

21. These communications were unfair and so numerous to collect this alleged debt, that the Defendant is in violation of 15 U.S.C. §§ 1692d, amongst others.

22. Plaintiff advised the Defendant that she was being represented by counsel.

23. In response to being informed that Plaintiff was represented by counsel, Defendant stated to Plaintiff that if she was lying about having an attorney and that Defendant could sue her.

24. This communication on this occasion was an unfair, false and deceptive attempt to collect this debt alleged by the Defendant that it is in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§1692d, 1692e, 1692e(2), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(1), and 1692g, et seq., amongst others.

25. The acts and omissions of Defendant's agents, and the other debt collectors employed as agents by Defendant GSC and Defendant, PALISADES COLLECTION, LLC., who communicated with Plaintiff as described herein, were committed within the time and space

4

limits of their agency relationship with their principal, Defendant, PALISADES COLLECTION, LLC.

26. The acts and omissions by Defendant's agents and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant, PALISADES COLLECTION, LLC., in collecting consumer debts.

27. By committing these acts and omissions against Plaintiff, Defendant's agents and these other debt collectors were motivated to benefit their principals, Defendant, PALISADES COLLECTION, LLC.

28. Defendant, PALISADES COLLECTION, LLC., is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by their collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

29. The foregoing acts and omissions of every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

30. As a result of each Defendant's violations of the FDCPA, Plaintiff entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); punitive damages and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

31. As a result of the afore described actions of the Defendant, the Plaintiff suffered emotional distress.

## TRIAL BY JURY

32. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7, Fed.R.Civ.P. 38.

WHEREFORE, Plaintiff prays for this Court:

a. To declare that Defendant has violated the FDCPA;

b. To award Plaintiff actual, statutory and punitive damages sustained as a result of the Defendant's failure to comply with the FDCPA;

c. To award Plaintiff compensation for such expenses as they have been required to expend on Defendant's behalf.

d. To award plaintiff reasonable attorneys' fees and costs pursuant to 15 U.S.C. §1692k;

e. To have a trial by jury as to all issues triable as of right by a jury

f. To award such other and further relief as this Court may deem appropriate.

DATED this 16th day of November, 2012.

BAKER & BIRCH, PLLC
(X) Richard R. Baker, Esq.
Florida Bar No.: 971110
( ) Joseph K. Birch, Esq.
Florida Bar No.: 912565
37 N. Orange Avenue, Suite 500
Orlando, Florida 32801
Email: rrborl@gmail.com
Telephone: (407) 647-8833
Facsimile: (407) 671-5679