# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GLENDA MONTERO-HERNANDEZ,**

      **Plaintiff,**

**-vs-**                                                                                      **Case No. 6:12-cv-1736-Orl-22KRS**

**PALISADES COLLECTION, LLC,**

_____

## REPORT AND RECOMMENDATION

**татеTO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration following oral argument on Defendant's Motion for Dismissal for Failure to Comply with Order Granting Motion for Sanctions for Failure to Serve Discovery (Doc. No. 16) and following a hearing on an Order to Show Cause I issued on September 17, 2013 (Doc. No. 31).

**I. PROCEDURAL BACKGROUND.**

I have reviewed much of the procedural background of this case in a previous Order. Doc. No. 24. I repeat that background here as it is relevant to the instant Report and Recommendation.

On November 19, 2012, Plaintiff, Glenda Montero-Hernandez, filed a complaint against Defendant, Palisades Collection, LLC, alleging that Defendant made repeated telephone calls to her in violation of the Fair Debt Collection Practices Act ("FDCPA"). Doc. No. 1. Plaintiff's complaint includes allegations that Defendant called her more than 200 times on her landline and cellular telephones. *Id.* ¶¶ 12-17, 20, 22-23.

In April 2013, Defendant served Plaintiff with discovery requests, including interrogatories and requests for production of documents that would enable Defendant to verify Plaintiff's claims about the telephone calls Defendant allegedly made to her. On June 18, 2013, Defendant filed a motion for sanctions because Plaintiff had not responded to its discovery requests. Doc. No. 14. Plaintiff did not file a response, and I granted the motion on July 9, 2013. Doc. No. 15. I ordered Plaintiff to provide responses to the interrogatories and requests for production of documents by July 12, 2013. I also ordered Plaintiff to pay the reasonable expenses, including attorney's fees, incurred by Defendant in filing its motion for sanctions and allowed Defendant to file a motion for attorney's fees. *Id.*

Plaintiff did not provide the discovery responses as required by my Order or timely appeal it. Accordingly, Defendant filed a motion to dismiss based on this failure to comply with a Court Order. Doc. No. 16. Soon thereafter, Defendant also filed its motion for attorney's fees incurred in connection with its motion for discovery sanctions. Doc. No. 17. Plaintiff did not timely respond to either motion, but I set the motions for a hearing, requiring Plaintiff and her counsel to appear in person. Doc. No. 21. In the Order setting the hearing on Defendant's motions, I required Plaintiff's counsel to provide Plaintiff with a copy of the Order and file proof of receipt of the Order with the Court. *Id.*

Plaintiff's counsel did not file proof of receipt of the Order with the Court, but, on August 21, 2013, Plaintiff and one of her attorneys appeared in person for the hearing. At the hearing, Plaintiff's counsel admitted that Plaintiff did not comply with the Court's Order requiring her to respond to Defendant's discovery requests. Plaintiff's counsel stated that Plaintiff had been ill and in the hospital during the original time for responding to Defendant's discovery requests. He also

stated that he had been ill during the month of July and that his co-counsel on the case had been on his honeymoon during the month of July, thereby explaining why Plaintiff did not respond to the discovery requests as required by the Court's Order or respond to Defendant's motion to dismiss. Plaintiff's counsel did not offer any suggestion that he or his co-counsel had taken any steps to assure that someone else was available to cover this case while they were unable to attend to it.

During the hearing, Plaintiff's counsel represented that Plaintiff had served responses to Defendant's discovery requests the previous evening (that is, on August 20, 2013)[1] and argued that the Court should not dismiss Plaintiff's case but should impose some lesser sanction. He argued that, while the prosecution of this case may have been "sloppy," it did not arise to the level of willful contempt for Court Orders. He also noted that the statute of limitations has run on Plaintiff's claims, meaning that even a dismissal without prejudice would operate as a dismissal with prejudice.

In response, Defendant's counsel explained that some of Plaintiff's belated responses were vague and inadequate, citing as an example Plaintiff's response to an interrogatory that asked for information about her telephone service providers and numbers for the past four (4) years, which did not include any dates and was ambiguous as to the identity of the providers. Defendant's counsel also noted that Plaintiff's delay in providing her discovery responses had prejudiced

---

[1] He did not explain why Plaintiff had not responded to Defendant's discovery requests earlier in the month of August, when – by his own account – both he and co-counsel were back in the office.

Defendant because it lacked sufficient time to complete third-party discovery to Plaintiff's telephone service providers prior to the close of discovery in this case.[2]

Recognizing that it might be inappropriate to dismiss Plaintiff's claims when a lesser sanction would suffice, I imposed such a lesser sanction in accordance with Fed. R. Civ. P. 37(b)(2). Specifically, I: (1) ordered Plaintiff to obtain from her telephone service providers (both landline and cellular) records showing calls made to and from all telephone numbers she has utilized in the last four (4) years and produce those records to Defendant on or before September 13, 2013; (2) ordered Plaintiff's counsel to file a notice certifying Plaintiff's compliance with the Order on or before September 13, 2013; and (3) extended the deadline for Defendant to complete discovery by two (2) weeks. Doc. No. 24. In so ruling, I specifically noted that Plaintiff's response to the Order would inform the Court's analysis of Defendant's pending motion to dismiss. I also noted that failure to comply with the Order could result in the imposition of sanctions, including dismissal of the case. *Id.*

On the same day, I ordered Plaintiff to pay Defendant $1,855.00 in attorney's fees incurred by Defendant in connection with filing its motion for discovery sanctions. Doc. No. 25. I required Plaintiff to pay the entire amount of the fees on or before September 13, 2013, and warned Plaintiff that failure to comply could result in additional sanctions, including dismissal of the case. *Id.*

---

[2]During the hearing, I noted my concern about Plaintiff's lack of clarity as to which telephone numbers are alleged to be at issue in this case and urged Plaintiff's counsel to begin gathering records that would confirm or deny Plaintiff's allegations. I reiterated my concern about the factual underpinnings of Plaintiff's claims in the Order I issued following this hearing. Although I did not issue an order to show cause pursuant to Fed. R. Civ. P. 11(c)(3) in that Order, I did note that it seemed apparent that Plaintiff and her counsel should have taken some steps earlier to obtain records that would confirm the allegations made in her complaint. Doc. No. 24.

Plaintiff's counsel did not file a notice certifying Plaintiff's compliance with the Order requiring production of Plaintiff's telephone records on or before September 13, 2013. Moreover, on September 16, 2013, Defendant's counsel filed a notice stating that Plaintiff had not produced the records or paid the $1,855.00 in attorney's fees as required. Doc. No. 30. Defendant's counsel noted that Plaintiff's failure to produce her telephone records was continuing to harm Defendant because it had no ability to identify Plaintiff's telephone service providers and complete third-party discovery to those vendors – thereby leaving it unable to confirm or deny Plaintiff's claims. *Id.* Defendant's counsel also represented that he had spoken with Plaintiff's counsel on September 12 (the day before the telephone records were due to be produced), and that Plaintiff's counsel had stated that no telephone records would be produced but that Plaintiff was attempting to obtain the records by subpoena. Defendant's counsel noted that he had not received any service copies of any subpoenas (assuming that any such subpoenas were issued). *Id.* Plaintiff's counsel has never refuted Defendant's counsel's representations regarding this interaction.

After review of Defendant's notice, I elected to give Plaintiff one last chance to cure the prejudice caused by her failure to produce her telephone records as required. Accordingly, on September 17, 2013, I ordered Plaintiff to obtain from her telephone service providers (both landline and cellular) records showing all calls made to and from all telephone numbers she has utilized in the last four (4) years and produce those records to Defendant on or before September 20, 2013. Doc. No. 31. I noted that, in the Court's experience, a subpoena for such records should not be necessary. *Id.* I also ordered Plaintiff's counsel to file a certificate stating whether or not Plaintiff had complied with this Order on or before September 20, 2013. *Id.* If Plaintiff did not

produce the required records, I ordered Plaintiff's counsel to appear in person for a hearing on September 24, 2013, and show cause why Plaintiff's claims should not be dismissed. *Id.* Finally, I ordered Plaintiff's counsel to provide Plaintiff with a copy of the Order and file proof of receipt of the Order by Plaintiff on or before September 20, 2013. *Id.* As I had previously, I noted that failure to comply with the Order could result in sanctions, including dismissal of Plaintiff's claims. *Id.*

CM/ECF records reflect that Plaintiff's counsel received my September 17, 2013 Order.[3] Despite this, Plaintiff's counsel did not file a certificate stating whether or not Plaintiff had produced the records in accordance with the Court's Order on or before September 20, 2013, as required. Plaintiff's counsel also did not file proof of receipt of the Court's September 17 Order on or before September 20, 2013, as required.

In accordance with my September 17 Order, I convened a hearing on September 24, 2013. Plaintiff's counsel failed to appear at the hearing, as required, and failed to make any contact with the Court explaining his absence.[4] Defendant's counsel appeared at the hearing. He requested that Plaintiff's claims be dismissed with prejudice and that Defendant be allowed to file a motion for attorney's fees following entry of judgment.

---

[3] The docket also reflects that, in this time period, Plaintiff's counsel was monitoring Plaintiff's case. For example, on September 3, 2013, the Court ordered Plaintiff's counsel to show cause why he should not be sanctioned for failing to file a required notice of mediation. Doc. No. 26. Plaintiff's counsel responded to the order to show cause on September 13, 2013. Doc. No. 27.

[4] Chambers staff telephoned the offices of Plaintiff's counsel during the hearing but was informed that neither of Plaintiff's counsel of record was available. Court security officers canvassed the courthouse to assure that Plaintiff's counsel were not waiting in the wrong courtroom; Plaintiff's counsel were not found in the building. As of the writing of this Report and Recommendation, chambers has not received any message from either of Plaintiff's attorneys of record in response to the telephone call placed to their respective offices.

**II.     APPLICABLE LAW.**

Fed. R. Civ. P. 16(f) provides, "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . ; or (C) fails to obey a scheduling or other pretrial order." Rule 37(b)(2)(A)(ii)-(vii), in turn, permits the Court to impose a variety of sanctions, including "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).

A court is justified in dismissing an action under Rule 16(f) as a sanction for the conduct of plaintiff's counsel. *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (citing *In re Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). The sanctions contained in Rule 16(f) are designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation. *Id.* "In addition, the district court possesses the inherent power to police its docket . . . . The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice." *Royal Palace Hotel Assocs., Inc. v. Int'l Resort Classics, Inc.*, 178 F.R.D. 588, 591-92 (M.D. Fla. 1997) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Mingo v. Sugar Cane Growers Co-op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989)).

"Irrespective of the source of the Court's authority, the sanctions or dismissal or default are warranted only on a clear record of delay or willful contempt." *Cent. Fla. Council Boy Scouts of Am., Inc. v. Rasmussen*, Case No. 6:07-cv-1091-Orl-19GJK, 2009 WL 1659703, at *5 (M.D. Fla. June 12, 2009) (citing *Mingo*, 864 F.2d at 102; *Goforth*, 766 F.2d at 1535). District courts have discretion to decide if there is a pattern of delay or deliberate refusal to comply with court

orders or directions that justifies a sanction. *U.S. v. Samaniego*, 345 F.3d 1280, 1284 (11th Cir. 2003). However, the district court must find that lesser sanctions will not suffice before dismissing a case with prejudice. *Cohen v. Carnival Cruise Lines,* Inc., 782 F.2d 923, 925 (11th Cir. 1986) (citing *Goforth*, 766 F.2d at 1535) (dismissal with prejudice is proper only where lesser sanction would not serve the interest of justice); *see also Powell v. Siegal*, 447 F. App'x 92, 94 (11th Cir. 2011) (quoting *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993)). Courts should be reluctant to impose the harsh sanction of dismissal with prejudice where the client herself is not culpable, but, where any other sanction would fail to cure the harm that the attorney's misconduct would cause to the party seeking sanctions, a dismissal may be appropriate regardless of the client's fault. *Goforth*, 766 F.2d at 1535 (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 322 (5th Cir. 1982)) (affirming dismissal with prejudice where plaintiff's counsel failed to submit a pretrial statement, attend the pretrial conference, or appear at trial, where defendants suffered significant prejudice).

### III.   ANALYSIS.

As detailed above, Plaintiff and her counsel have failed to obey multiple Court Orders or offer acceptable excuses for failing to do so. Plaintiff initially failed to respond to Defendant's discovery requests by July 12, 2013, as required by my July 9 Order. Rather than recommend dismissal of Plaintiff's case for this failure to comply with a Court Order, I imposed a lesser sanction – requiring Plaintiff to produce relevant telephone records by September 13, 2013, requiring her counsel to file a certificate certifying her compliance, and giving Defendant additional time to complete discovery.

This sanction was not effective. Instead, Plaintiff failed to produce the records as required or file a motion requesting more time. Plaintiff's counsel also failed to file a notice certifying Plaintiff's compliance with the Order requiring production.[5] As of the writing of this Report and Recommendation, neither Plaintiff nor her counsel has offered any explanation for their failure to comply with my Orders. Defendant's counsel's conversation with Plaintiff's counsel on September 12 (the content of which has never been disputed by Plaintiff's counsel) shows that Plaintiff's counsel was aware of my Order but simply chose to ignore it.[6]

Rather than immediately recommend dismissal, I gave Plaintiff another chance to produce the telephone records by September 20 and cure any prejudice to Defendant. Plaintiff did not produce the records and her counsel did not file a notice indicating whether she had complied with the Court's Order. Fully aware that additional sanctions (including dismissal) were a possibility, Plaintiff's counsel then failed to appear at the September 24 show cause hearing or contact the Court to explain their absence. As of the writing of this Report and Recommendation, Plaintiff and her counsel have not explained their failure to comply with my September 17 Order.

With the lone exception of the appearance by Plaintiff and her counsel at the August 21 hearing, the undersigned's Orders have been met with resounding silence. I recommend that the Court find that this string of failures to respond to Court Orders (or offer any sufficient

---

[5] In this same time frame, Plaintiff also failed to pay Defendant $1,855.00 in attorney's fees. She is not proceeding *in forma pauperis*, and she did not file a motion requesting more time to pay the fees or suggesting that she lacks the financial capacity to pay.

[6] The fact that Plaintiff's counsel claimed to be trying to obtain the telephone records by subpoena, if true (which is questionable, given that Defendant's counsel never received any service copies of subpoenas), also suggests that Plaintiff was not cooperating with her counsel in attempts to obtain the records. As I noted in my September 17 Order, in my experience, a subpoena should not be necessary for Plaintiff to obtain copies of her own telephone records.

explanation for failing to do so) constitutes a clear record of delay.  Plaintiff should have responded to Defendant's discovery requests months ago.  As it stands, though, Defendant still lacks adequate information to confirm or deny Plaintiff's claims.  Given my previously expressed concerns about the factual underpinnings of Plaintiff's claims, the delay in producing Plaintiff's telephone records is particularly troubling.  Since the time of the August 21 hearing, Plaintiff and her counsel have been on notice that their prosecution of this case has been problematic and that they would need to engage with the litigation.  While Plaintiff's counsel's actions might have charitably been described as "sloppy" prior to the August 21 hearing, the mounting number of Court Orders that have gone unheeded since that date (all of which threatened dismissal for non-compliance and at least one of which threatened Plaintiff's counsel with Rule 11 sanctions) support a conclusion that Plaintiff and/or her counsel are willfully disregarding Court Orders.  Defendant's counsel's conversation with Plaintiff's counsel on September 12, in which Plaintiff's counsel stated that no records would be produced, also supports a conclusion that Plaintiff's counsel is willfully disregarding Court Orders.

      The failure of Plaintiff and her counsel to comply with Court Orders has prejudiced Defendant and unreasonably interfered with the progress of this case.  As explained above, without information about Plaintiff's telephone numbers and service providers, Defendant cannot pursue third-party discovery that would enable it to confirm or deny Plaintiff's claims.  That is, without the missing information, Defendant cannot effectively defend itself in this case.  The actions of Plaintiff and her counsel have also caused Defendant to incur attorney's fees and expenses, such as fees incurred in connection with their motion to dismiss.

Aware that dismissal is a harsh sanction that should only be resorted to when lesser sanctions will not suffice, I have imposed lesser sanctions and given Plaintiff two opportunities to cure the prejudice she caused by failing to respond timely to Defendant's discovery requests.[7] She has not taken those opportunities or offered any explanation for her failure to do so. Plaintiff was present at the August 21 hearing and was aware that more would be required of her and her counsel going forward. Nevertheless, the September 12 telephone call establishes that she did not obtain the required telephone records as directed at the August 21 hearing.

I have considered the range of potential sanctions, and, based on the record in this case, I recommend that the Court find that no lesser sanction than dismissal with prejudice would serve to cure the prejudice Plaintiff has caused Defendant, serve to secure Plaintiff's compliance with the Court's Orders, or serve the interests of justice.[8]

## IV. RECOMMENDATION.

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** Defendant's Motion for Dismissal for Failure to Comply with Order Granting Motion for Sanctions for Failure to Serve Discovery (Doc. No. 16). For the reasons discussed above, I **FURTHER RECOMMEND** that the Court dismiss Plaintiff's claims against Defendant with prejudice. In addition, I **RECOMMEND** that the Court allow Defendant to file a bill of costs and a motion for

---

[7] I note that I also ordered Plaintiff to pay Defendant $1,855.00 in attorney's fees in connection with its motion for sanctions. The imposition of that sanction apparently did not spur Plaintiff or her counsel to further diligence in this case. Instead, Plaintiff failed to pay the fees and ignored multiple Court Orders aimed at allowing her to cure any prejudice caused by her failure to timely respond to Defendant's discovery requests.

[8] As mentioned above, Plaintiff's counsel represented that Plaintiff's claims would be barred by the statute of limitations if they were dismissed without prejudice. Thus, even if the Court were to dismiss Plaintiff's claims without prejudice, the dismissal would operate as a dismissal with prejudice. *See Powell*, 447 F. App'x at 93 (citing *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 212-13 (5th Cir. 1976)).

attorney's fees or other appropriate relief (whether pursuant to 28 U.S.C. § 1927 or some other relevant authority) within fourteen (14) days of the Court's Order on this Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 26, 2013.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE